# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:12-CR-050-SDJ-KPJ |
| | § | |
| DAVID ALLEN GRANT | § | |
| | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on August 3, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Heather Rattan.

On January 17, 2013, United States District Judge Marcia A. Crone sentenced Defendant to a term of ninety-six (96) months' imprisonment, three (3) years of supervised release, and a special assessment fee of $100. On September 6, 2019, the case was reassigned to United States District Judge Sean D. Jordan.

On June 14, 2021, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 40). The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall refrain from any unlawful use of a controlled substance; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (5) Defendant shall

1

participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer; (6) Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer; and (7) Defendant shall not leave the judicial district without the permission of the court or probation officer.

The Petition asserts that Defendant violated these conditions because: (1) on September 1, 2019, the Cooke County Sheriff's Department arrested Defendant for Public Intoxication; on April 29, 2021, Gainesville Police Department arrested Defendant for Failure to Maintain Financial Responsibility and Failure to Appear warrants; on May 26, 2021, the Gainesville Police Department arrested Defendant for Assault to Cause Bodily Injury/Family Violence; on June 8, 2021, Defendant was arrested for Violation of an Emergency Protective Order that had been entered by a Gainesville Magistrate Judge in connection with the May 26, 2021 arrest and assault charge; (2) on June 25, 2020, Defendant's urine specimen tested positive for cocaine and marijuana; (3) on June 2, 2021, Defendant tested positive for methamphetamine and signed a written admission to using methamphetamine; (4) Defendant had contact with the victim of the alleged assault on June 8, 2021, despite the U.S. Probation Office previously instructing Defendant to refrain from all contact with her due to the Emergency Protective Order; (5) Defendant failed to submit a urine specimen at McCary Counseling Services in Denton, Texas, on June 11, 2021, and has not called the random drug testing line since June 9, 2021; (6) Defendant had contact with a convicted felon on June 13, 2021 without permission from his probation officer; and (7) on June 13, 2021, Defendant was in a vehicle that was pulled over in or near Kingston, Oklahoma, which

is outside the Eastern District of Texas and Defendant did not have the permission of the Court or his probation officer to be in Oklahoma.

At the August 3, 2021 hearing, Defendant entered a plea of true to allegations 2 and 3. *See* Dkt. 54. Defendant also consented to revocation of his supervised release and waived his right to appear before the District Judge. *See* Dkt. 55. The Court finds that Defendant has violated the terms of his supervised release, and thus, his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the August 3, 2021 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-one (21) months, to be served consecutively to any sentence of imprisonment imposed by Cooke County, Texas, with no additional supervised release imposed. Additionally, the Court recommends Defendant be placed at a Federal Bureau of Prisons facility in Fort Worth, Texas, if appropriate.

**So ORDERED and SIGNED this 6th day of August, 2021.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE